DIONISIO CORA, Plaintiff and Appellee, *v.* JOSEFINA BELGODERE DE CORA, Defendant and Appellant.

No. 7617.   Argued March 9, 1939.—Decided June 1, 1939.

*Pablo Andino* for appellant.   *Luis F. Camacho* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

By deed of Nov. 12, 1930, executed before the notary Tomás Bernardini de la Huerta, the brothers Policarpio and Dionisio Cora formed a mercantile partnership with legal domicile in the town of Arroyo under the trade name of P. Cora & Hno. They stated in the partnership deed that since the first of Jan., 1928, they were working together in the wholesale and retail business in said town and that therefore in stating the duration of the partnership they made it retroactive to January 1, 1928.

Before the partnership deed was executed, on or about March 27, 1928, María Antonia Defendini sold to the partnership P. Cora & Hno. the house and lot object of this suit, which was recorded in the name of the purchaser in the Registry of Property of Guayama, at folio 193 of volume 14 of Arroyo, property number 515, fifth entry.

The partnership continued in business until it was dissolved by deed on May 26, 1936, before the same notary. By this last deed Dionisio Cora was given the aforesaid farm in payment of his share in the partnership.

Being thus owner of the property, Dionisio Cora, on March 5, 1937, filed the complaint in unlawful detainer in this case against Josefina Belgodere, the wife of Policarpio Cora. He alleged in the complaint his dominion title on the property; that defendant possessed the second floor of said house without title and without paying any rent, and prayed for the ouster of defendant.

The defendant answered alleging that the house was acquired by Dionisio and Policarpio Cora while the latter was married to defendant and that at that time the partnership, which they formed some years after the acquisition of the property, did not exist. That defendant has lived on said house for more than ten years with her husband as the sole owners, and that at no moment before the filing of the complaint in this case has plaintiff objected to the possesion and and use of the property. That the suit in unlawful detainer is the result of a conspiracy of the brothers Dionisio and Policarpio Cora to deprive defendant of her participation in the property of the conjugal partnership with her husband, which is pending dissolution by virtue of a divorce suit filed by her in the courts of Puerto Rico. The answer ends with the following prayer:

"Therefore, it is prayed that this court dismiss the complaint in unlawful detainer, and hold that the right of the complainant and defendant should be ventilated and decided in the corresponding regular proceedings, awarding costs to the defendant, plus expenses and attorney's fees."

The case went to trial and the Court, considering that the plaintiff had proven that he was the owner of the property, that defendant was in possession without any title or paying any rent, and that the attack made by defendant on plaintiff's title was not proper subject matter for a suit in unlawful detainer, rendered judgment on the complaint on March 29, 1937.

Defendant filed the present appeal wherein she alleges that the lower court incurred in the following errors:

"*First:* In holding that in an unlawful detainer suit defendant cannot allege and prove the insufficiency or inefficiency of plaintiff's title, mistakenly applying the doctrine stated by this Supreme Court of Puerto Rico and previously by the Supreme Court of Spain.

"*Second:* In accepting a true and valid title in plaintiff on which to base this suit.

"*Third:* In not accepting that this suit in unlawful detainer and the title on which it is based is the result of a confabulation between plaintiff and his brother, the husband of defendant Josefina Belgodere.

"*Fourth:* In not accepting that plaintiff's title has been denied in its form and effects, in such a manner that it is insufficient to form the basis of a suit in unlawful detainer.

"*Fifth:* In not accepting that the conjugal partnership formed by defendant and her husband, Policarpio Cora, has a joint tenancy in the property object of this unlawful detainer suit, which bars this suit as against one of the spouses."

The questions raised by defendant-appellant in the five assignments of error that we have just copied may be condensed to determining whether or not from her allegations and proof such a conflict of titles arises as would bar a judgment of ouster.

We have seen that the house in question was bought and recorded in the Registry in its name by the partnership P. Cora & Hno. It also appears from the documentary evidence offered by plaintiff that said partnership, whose formation did not appear in a public deed originally, was formally agreed upon by deed of Nov. 12, 1930, and its effect made retroactive to January 1, 1928. Finally it appears from

authentic documents that when the partnership was dissolved the property was adjudicated to plaintiff in payment of his share in the partnership. Therefore, plaintiff's evidence tends to show that he is the owner of the property and that he has capacity to sue in unlawful detainer. Defendant insists that there exists a conflict of titles in this case and that therefore this suit in unlawful detainer should be dismissed. This Court has said repeatedly that in order that a conflict of titles arise to bar an action in unlawful detainer, it is necessary that in the allegations and proof of defendant there should be sufficient facts to show that his pretense of title has some basis; in other words, that he has color of title. In the present case the allegations and proof of defendant in regard to the title which she claims are so devoid of legal basis that they do not create a conflict of titles.

█ The fact that the contract of partnership of P. Cora & Hno. was not in a public deed does not mean that the partnership did not have capacity to acquire real property. *Silva Hno. & Co.* v. *Registrar*, 28 P.R.R. 164, 166.

█ Nor does the slightest suspicion exist as to the fraudulent agreement which defendant alleges was entered into by the Cora brothers, for from the moment the property was acquired in March 27, 1928, it was stated in the deed of purchase that the property was bought by the partnership P. Cora & Hno., and since that date, according to defendant, she and her husband lived in the second story of the house and they lived there continuously for ten years. Therefore, this circumstance eliminates any suspicion that the title to the property was put in the name of the partnership in view of an action for divorce which was filed many years later.

Since there is not conflict of titles and as from the evidence a dominion title appears in favor of plaintiff and the fact that defendant possesses the property without any right and without paying plaintiff any rent, the appeal should be dismissed and the judgment appealed from affirmed.

Mr. Justice Travieso took no part in the decision this case.